IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EDUARDO GODOY RODRIGUEZ                           PETITIONER
*also known as*
*Eduardo Eleuterio Godoy Rodriguez*
*Florido*


V.                                          Cause No. 5:26-cv-00430-DCB-BWR

R. VERGARA,                                       RESPONDENT
*Warden of Adams County Correctional*
*Center*

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed pro se by Eduardo Godoy Rodriguez, a former immigration detainee, and Respondent's Motion to Dismiss for Mootness [8]. Petitioner, a native and citizen of Cuba, filed his petition for writ of habeas corpus under 28 U.S.C. § 2241 in May 2026 challenging the length of his detention pursuant to 8 U.S.C. § 1231(a)(6) and requesting his immediate release from Immigration and Customs Enforcement's (ICE's) custody. On October 22, 2025, an immigration judge ordered that Petitioner be removed from the United States, and Petitioner did not appeal. *See* acis.eoir.justice.gov (last visited June 23, 2026).

On June 9, 2026, Respondent Warden Rafael Vergara responded to the Petition by filing a Motion to Dismiss for Mootness [8]. Respondent provided a Warrant of Removal/Deportation, showing that Petitioner was removed from the United States on May 21, 2026. *See* Warrant of Removal/Deportation (ICE Form I-205) [8-1]. Petitioner is no longer detained at Adams County Correctional Center or otherwise

in ICE custody.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *Id.* The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot)(quoting *Lewis,* 494 U.S. at 477-48).

The Petition is moot because the relief the Petition requests – release from immigration detention – has occurred. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally . . . a means to secure *release* from unlawful detention" and not "to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country.") (emphasis in original). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

### RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss for Mootness [8] be granted and the Petition [1] dismissed without prejudice for lack of jurisdiction

2

because it is moot.

## NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this 23rd day of June 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

3